The Chief Jtstíce
delivered the opinion of the court.
This was an ejectment, on the trial of which, after the lessors of the plaintiff had exhibited their evidences of title, the defendants produced a patent from the commonwealth to Pelham, and a deed from him to Armstrong, for a part of the land included in Pelham’s patent; and having proved that Armstrong, more than twenty years before the commencement of the action, had settled upon the land described in the deed from Pelham, the counsel for the plaintiff moved the court to instruct the jury, that the ta *453 king possession by Armstrong, of the land included in Ills deed, did not give to Pelham possession of the residue of the land included in his patent; but the circuit court refused so to instruct the jury, and the plaintiff’s counsel having excepted to'the opinion of the court, he has brought the case to this court.
An^“^ ien®^ ⅛ ialiCjs (which were bPunde'J) sess-lon only the e-stent ^ssion does not enure to benefit °r u*fVe'n ⅞ him "the possession of 0f^c0i'er.ees bounds,
We have no doubt that the circuit court erred in refusing to give the instructions asked bv the plaintiff’s counsel. Armstrong’s entry upon any part of the land described by his deed, would give him the possession of the whole, but it could not have the efiect of giving him the possession oí any land not included in his deed; for the possession by an entry upon land must, in all cases, be confined by the claim of title of him who makes the entry. And it follows, if Armstrong gained no possession beyond the boundaries described m his deed, that there was no possession of the residue oí the land contained in Pelham’s patent, which could enure to the benefit of Pelham, for Armstrong entered for himself, and in his own right, and not for Pelham, or in Pelham’s right, ’ and there was no privity between them, either of contract or estate, except in relation to the land embraced tile deed.
The judgment reversed with costs and the cause remanded for a new trial to be had.